Wesley E. JONES, Appellant,

*v.*

Warren D. CROSS, M.D., Appellee.

No. 01–88–00982–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 25, 1989.

Rehearing Denied July 13, 1989.

---

Robert K. Schaffer, Houssiere & Durant, Houston, for appellant.

John C. Marshall, Marshall, Gonzalez & Carlson, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

EVANS, Chief Justice.

Our opinion dated April 20, 1989, is withdrawn and the following opinion is substituted. We deny the motion for rehearing.

This is an appeal from a summary judgment dismissing the plaintiff's medical malpractice action. We reverse and remand.

The plaintiff, Wesley E. Jones, sued Warren D. Cross M.D., alleging that he had been treated by Dr. Cross from August 12, 1982, until June 24, 1985. He alleged that during the period of the treatment, the defendant performed two surgical procedures on his eyes, one on August 18, 1982, and another on November 18, 1982, and that on December 2, 1982, the defendant had to "redo" one of those procedures. He asserted that the defendant did not exercise the degree of care that would have been exercised by a physician or health care provider in the same or similar circumstances in regard to the treatment. Specifically, he alleged that the defendant's negligence, which proximately caused his injuries and damages, consisted, "among other things," of making incisions that were too deep, which a reasonable physician or health care provider would not have done under the same or similar circumstances. He alleged that after these surgical procedures, the defendant continued to treat the plaintiff for this same condition until June 24, 1985, and that during the period of treatment, the defendant fraudulently concealed the existence of the plaintiff's cause of action.

The defendant filed a motion for summary judgment, asserting that the plaintiff's cause of action, if any, was barred by the two-year statute of limitations, because suit was not filed for over two years after the date of the last surgical procedure alleged in the plaintiff's petition. *See* Tex. Rev.Civ.Stat.Ann. art. 4590i, sec. 10.01 (Vernon Supp.1989), which states in pertinent part:

> Notwithstanding any other law no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort **or from the date the medical or health care treatment that is the subject of the claim** or the hospitalization for which the claim is made **is completed;** ... (Emphasis added.)

The plaintiff responded to the defendant's motion for summary judgment, asserting that the statute of limitations was not a bar to his cause of action because the limitation period did not commence until the expiration of his treatment by the defendant.

By agreed order, the plaintiff was permitted to file a supporting affidavit in opposition to the motion for summary judgment. This affidavit states that after the defendant performed the three surgical procedures on the plaintiff's eyes, the defendant continued to see the plaintiff for problems he was having about his eyesight, "which came about after the operations on both of my eyes." The affidavit states that he had office visits with Dr. Cross until June 24, 1985, and that up until that time, Dr. Cross continued to treat him "for complications which arose from the previously mentioned operations on my eyes." He concludes:

> The office visit I had with Dr. Cross on June 24, 1985 was the last time I saw him for treatment relating to the problems I was having with my eyes.

> It was not until I stopped seeing Dr. Cross as his patient and stopped receiving medical care and treatment from him that I became aware of facts which led me to believe that Dr. Cross may have been negligent in the way he treated my eyes.

When a defendant seeks a summary judgment on the ground that the plaintiff's cause of action is barred by a statute of

limitations, it is the defendant's burden to conclusively establish the applicability of the statute. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *see also Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Thus, the defendant must conclusively show the date on which the statute of limitation period commenced. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). Unless the summary judgment record conclusively shows one specific date on which the limitation period would have commenced, the movant has not met his burden. *Delgado*, 656 S.W.2d at 428.

■ In this case, the plaintiff alleged, and again affirmed in his affidavit, that the defendant's negligence occurred *during* the course of the defendant's continuing treatment. The plaintiff alleged that the defendant's negligence consisted "among other things" of excessively deep incisions during several surgical procedures, but he did not restrict his allegations of negligence to one or more of those procedures. The defendant did not specially except to the plaintiff's pleadings, nor did he by deposition, admissions, or other summary judgment proof conclusively show that the allegations of negligent conduct related only to the surgical procedures, and not to post-operative treatment.

The defendant's motion for summary judgment in this case was based entirely on the allegations of the plaintiff's petition to establish the date of the alleged "tort." Thus, we must accept as true the relevant allegations in the plaintiff's petition, and if the petition, when liberally construed, indicates a fact question (on the issue) we must overrule the defendant's motion. *See Abbott v. City of Kaufman*, 717 S.W.2d 927 (Tex.App.–Tyler 1986, no writ); *see also Holmes v. Canlen Management Corp.*, 542 S.W.2d 199 (Tex.Civ.App.–El Paso 1976, no writ); *Gottlieb v. Hofheinz*, 523 S.W.2d 7 (Tex.Civ.App.–Houston 1975, writ dism'd). We find this to be the case here.

The plaintiff's pleading, given a liberal construction, alleges that the defendant was negligent during a continuing course of treatment that ended on June 24, 1985. Although the plaintiff's pleadings allege various dates on which the defendant performed surgery, the plaintiff's allegations of negligence are not limited to those procedures. Thus, the defendant failed to conclusively establish a specific beginning date for the two-year limitation period.[1]

When a doctor treats a patient for an illness or condition, the relationship between them is one of trust and confidence. *Fitzpatrick v. Marlowe*, 553 S.W.2d 190, 194 (Tex.Civ.App.–Tyler 1977, writ ref'd n.r.e.). During the course of such treatment, the patient is entitled to have confidence in the doctor's superior knowledge and expertise, and to rely upon the doctor's judgment and advice.

A case in point is *Vinklarek v. Cane*, 691 S.W.2d 108 (Tex.App.–Austin 1985, writ ref'd n.r.e.). There, the plaintiff brought suit against the treating doctor, alleging negligent care and treatment because of an infection following oral surgery. The defendant-doctor moved for summary judgment, which the trial court granted, on the theory that the limitation period started to run from the date of the surgical procedure. Reversing the trial court's judgment, the court of appeals concluded that the statute of limitations did not start until "the end of the last treatment for the condition for which the patient initially saw the doctor." *Vinklarek*, 691 S.W.2d at 110; *see also Atha v. Polsky*, 667 S.W.2d 307, 309 (Tex.App.–Austin 1984, writ ref'd n.r.e.).

We recognize the rule that if a patient can discover the "tort" and bring suit within the two-year period, the statute of limitations runs from the date of the tort, or from the last date of treatment, not from the date of discovery. *Morrison v. Chan*, 699 S.W.2d 205 (Tex.1985). In *Morrison*, the court simply held the limitation period commenced from the last day of a series of

1. It is undisputed that on June 11, 1987, the plaintiff served notice on the defendant of his intention to bring a health care liability claim pursuant to Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 4.01, (Vernon Supp.1989), and that on September 4, 1987, within the 75–day period specified in section 4.01 of said article, the plaintiff filed his original petition in this suit.

radiation treatments that the plaintiff had been receiving under the defendant's care. *Morrison*, 699 S.W.2d at 206; *see also De-Luna v. Rizkallah*, 754 S.W.2d 366 (Tex. App.–Houston [1st Dist.] 1988, no writ).

We also recognize the rule announced in *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987), that when the precise day of the tort is known, the statutory period commences from that date, not from the date when the patient was released from the hospital. In *Kimball*, undisputed evidence showed that the defendant-doctor had treated the plaintiff only on one particular day. Because of that showing, the court held the statute of limitations began to run from the date of that treatment, not from a later date when the plaintiff was finally released from the hospital. *Kimball*, 741 S.W.2d at 371.

Based on the summary judgment record, we hold that the defendant did not meet his threshold burden of establishing a beginning date for the statute of limitations. Therefore, we hold that the summary judgment must be reversed. Because of this disposition, we need not consider the plaintiff's contentions regarding her affirmative defense that she could not have discovered and filed suit within the two-year limitation period. *But see Hellman v. Mateo*, 772 S.W.2d 64 (Tex.1989), holding that physician moving for take-nothing summary judgment in medical malpractice case must conclusively prove that plaintiff discovered or should have discovered her course of action, and brought suit within the limitation period.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.