**JON LUCE BUILDER, INC., Jon Luce and Beverly Luce, Appellants,**

v.

**FIRST GIBRALTAR BANK, F.S.B., Appellee.**

No. 3–91–337–CV.

Court of Appeals of Texas, Austin.

March 3, 1993.

Rehearing Overruled April 14, 1993.

Randell W. Livingston, Jr., Hearne Knolle Livingston & Holcomb, Austin, for appellants.

Joseph Latting; Liddell, Sapp, Zivley, Hill & Laboon, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellants Jon Luce Builder, Inc., Jon Luce, and Beverly Luce[1] filed suit seeking a declaratory judgment[2] that the four-year limitations period had expired on any cause of action based on a note executed by the corporation. *See* Tex.Civ.Prac. & Rem. Code Ann. § 16.035(a) (West 1986). Appellee First Gibraltar Bank, F.S.B., counterclaimed for the amounts due and owing under the terms of the note. The parties filed cross-motions for summary judgment. The trial court granted First Gibraltar's motion for summary judgment and denied the Luces' motions for summary judgment. We will affirm the judgment.

## BACKGROUND

On July 26, 1984, Jon Luce Builder, Inc., by and through its president, Jon Luce, executed and delivered to First Texas Savings Association (First Texas) a construction loan note in the amount of $4,495,-260.00 secured by a "Deed of Trust Assignment of Rents and Security Agreement," and by a guaranty agreement signed by Jon Luce, individually (the "Luce instruments"). The purpose of the loan was to finance the construction of condominium units the parties referred to as the "14th Fairway Project." The note had a maturity date of July 26, 1985.

On December 27, 1988, the Federal Home Loan Bank Board determined that First Texas was insolvent and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as its receiver. On the same date, First Gibraltar Bank, F.S.B. (First Gibraltar), acquired substantially all of the assets of First Texas and became the owner of the Luce instruments when First

---

**1.** We will refer to appellants collectively as the Luces. When necessary to distinguish the appellants individually, we will refer to Jon Luce Builder, Inc., as "the corporation" and to Jon and Beverly Luce by their individual names.

**2.** *See* Uniform Declaratory Judgments Act, Tex. Civ.Prac. & Rem.Code Ann. § 37.001 *et seq.* (West 1986 & Supp.1993).

Gibraltar entered into an acquisition agreement with the FSLIC.[3]

On January 24, 1990, the Luces filed suit for a declaratory judgment, seeking a declaration that all of the holder's rights to recovery under note and deed of trust were barred by limitations. On June 18, 1990, First Gibraltar filed its first amended original answer, in which it counterclaimed against the corporation and Jon Luce for nonpayment of the note and guaranty agreement.[4] On October 10, 1990, First Gibraltar filed a motion for summary judgment on its nonpayment counterclaim. On October 26, 1990, Beverly Luce filed a motion for summary judgment on the grounds that she was not a party to the loan transaction and is not liable to First Gibraltar for its claims against the corporation and Jon Luce. On November 1, 1990, the corporation and Jon Luce filed an amended response to First Gibraltar's motion for summary judgment and a motion for summary judgment on their claim that limitations barred the debt evidenced by the note. On June 13, 1991, the trial court rendered final judgment denying the Luces' motions for summary judgment and granting First Gibraltar's motion for summary judgment, awarding First Gibraltar recovery in the amount of $1,986,855.64 from the corporation and Jon and Beverly Luce, jointly and severally.

## DISCUSSION

### Standard of Review

■■■■ On appeal the Luces bring two points of error alleging that the trial court erred in denying summary judgment in their favor and in granting summary judgment in favor of First Gibraltar. *See Malooly Bros., Inc. v. Nadia,* 461 S.W.2d 119, 121 (Tex.1970). The standards for reviewing a motion for summary judgment are well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When both parties move for summary judgment, the trial court may consider the combined summary-judgment evidence to decide how to rule on the motions. *Woods v. Applemack Enters. Inc.,* 729 S.W.2d 328, 331 (Tex.App.—Houston [14th Dist.] 1987, no writ); *River Oaks Shopping Ctr. v. Pagan,* 712 S.W.2d 190, 193 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). When both parties move for summary judgment and one motion is granted and the other is overruled, all questions presented to the trial court may be presented for consideration on appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988, orig. proceeding); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (Tex.1958).

### Limitations

The sole issue on appeal is whether limitations bars First Gibraltar's claims. We,

---

3. These are the facts as asserted in appellants' brief. The record reflects that the acquisition agreement is between FSLIC and First Texas Bank, F.S.B. The record does not show First Gibraltar's relationship to First Texas Bank, F.S.B., or how First Gibraltar became the owner of the note, deed of trust, or guaranty agreement. First Gibraltar does not challenge the appellants' statements contained in their brief. Accordingly, we accept the statements as correct. Tex.R.App.P. 74(f). Additionally, there is no contention on appeal that First Gibraltar's summary-judgment proof does not establish as a matter of law that First Gibraltar is the owner

of the note, deed of trust, or guaranty agreement.

4. Additionally, First Gibraltar requested appointment of a receiver to collect the rents assigned it pursuant to the assignment of rents under the deed of trust. First Gibraltar also requested a temporary restraining order (TRO) to prevent the Luces from disposing of the rents and security deposits until such time as a receiver was appointed. The trial court first issued a TRO. It later issued a temporary injunction reflecting the parties' agreement regarding collection and disposition of the rents and appointment of a receiver.

therefore, consider the Luces' points of error together. The Luces assert that Tex. Civ.Prac. & Rem.Code Ann. § 16.035(a) (West 1986) (four-year statute of limitations) bars First Gibraltar's claims and that the federal statute of limitations, 28 U.S.C. § 2415(a) (1988) (six-year statute of limitations), does not apply to the claims brought by First Gibraltar. First Gibraltar counters that it is entitled to rely on section 2415(a) or, in the alternative, that the Luces either acknowledged or renewed and extended the loan and, therefore, its claims are timely under section 16.035(a). Because we conclude that First Gibraltar is entitled to rely on the federal statute of limitations, we need not address the Luces' remaining contentions relating to the state four-year statute of limitations.

■ The note's original maturity date was July 26, 1985. On December 27, 1988, the FSLIC was appointed receiver and acquired First Texas' assets, including the Luce instruments. First Texas' cause of action was not yet barred by the state statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.035(a) (West 1986). Thus, when the FSLIC acquired the claim, the state statute of limitations ceased to run because the federal statute of limitations superseded it and began to run against the FSLIC. *Pineda v. PMI Mortgage Ins. Co.*, 843 S.W.2d 660, 669 (Tex. App.—Corpus Christi 1992), *writ denied per curiam*, No. D–3260 (Tex.S.Ct. Apr. 7, 1993) (citing *United States v. Sellers*, 487 F.2d 1268 (5th Cir.1973)).

■ Section 2415(a) provides, in pertinent part, that "every action for money damages *brought by the United States or an officer or agency thereof* which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues." (emphasis added). Thus, the FSLIC had until December 27, 1994, to file suit on its claims. The dispositive issue is whether the FSLIC's limitations rights under section 2415(a) passed to First Gibraltar even though section 2415(a) recites that it applies to actions "brought by the government or an officer or agency thereof."

Only one Texas court of appeals has considered this precise question, holding that the government's limitations rights under section 2415(a) passed to the transferee. *Pineda*, 843 S.W.2d at 669 (federal institution's limitations rights passed to transferee pursuant to Tex.Bus. & Com.Code Ann. § 3.201 (West 1968)). Additionally, this Court has previously held that a transferee "steps into the shoes" of the government for purposes of limitation rights under a federal statute of limitations. *Thweatt v. Jackson*, 838 S.W.2d 725, 727–28 (Tex. App.—Austin 1992, writ granted) (common law principles applicable to assignees held to vest transferee with same rights as Federal Deposit Insurance Corporation (FDIC); six-year statute of limitations (12 U.S.C. § 1821(d)(14) (Supp. I 1989) applicable to actions FDIC brings as conservator or receiver also applicable to transferee); *see also Mountain States Fin. Resources Corp. v. Agrawal*, 777 F.Supp. 1550, 1552 (W.D.Okla.1991) (assignee stands in shoes of assignor; acquires all assignor's rights and liabilities in assignment; FDIC's assignee acquires six-year limitations period provided by § 1821(d)(14)). *But see Thweatt*, 838 S.W.2d at 730 (Powers, J., dissenting) (plain language of statute does not evidence congressional intent that FDIC's assignee should acquire statutory right assigned by Congress to that agency alone); *Federal Debt Management, Inc. v. Weatherly*, 842 S.W.2d 774, 777 (Tex. App.—Dallas 1992, writ granted) (federal common-law principles cannot be used to expand protections afforded to the FDIC under 1821(d)(14); nor can a transferee rely on Tex.Bus. & Com.Code Ann. § 3.201(a) (West 1968) to step into shoes of FDIC for purpose of asserting a procedural defense applicable only to FDIC in its capacity as conservator or receiver); *Tivoli Ventures, Inc. v. Tallman*, No. 91CA1904 (Colo.Ct. App. Nov. 27, 1992, pet. for review filed) (when FDIC assigns note to private party, private party does not acquire right to sue within time provided for in federal statute of limitations; section 2415(a) applies only to actions brought by United States or officer or agency thereof).

We conclude that the principles of assignment relied on in *Thweatt* apply here, as well. *See Thweatt*, 838 S.W.2d at 727 n. 1 (result would likely be the same if decided based on section 2415(a)). First Gibraltar, as the FSLIC's transferee, stood in the shoes of the FSLIC and had the right to assert its claims on the promissory note, deed of trust, and guaranty agreement to the same extent as the FSLIC. Because the FSLIC had until December 27, 1994, to file suit against the Luces, First Gibraltar had the same right and, as a matter of law, its counterclaim was not barred by limitations. Accordingly, the trial court did not err in granting First Gibraltar's motion for summary judgment and in denying the Luces' motions for summary judgment. We overrule appellants' first and second points of error.

The judgment of the trial court is affirmed.