**AmWEST SAVINGS ASSOCIATION, Appellant,**

v.

**Jimmy R. SHATTO, Appellee.**

No. 03–94–00062–CV.

Court of Appeals of Texas, Austin.

Aug. 16, 1995.

Rehearing Overruled Sept. 27, 1995.

E. Ray West, III, Massey, Shaw & West, Brownwood, for appellant.

Richel Rivers, Hilgers & Watkins, Austin, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant AmWest Savings Association, assignee of a federal receiver, sued to collect on a promissory note executed by appellee Jimmy R. Shatto. Shatto moved for summary judgment on the affirmative defenses that the action was barred by applicable state and federal statutes of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.004(a)(3) (West 1986); 12 U.S.C. § 1821(d)(14) (Supp. I 1989) (hereafter "section 1821(d)(14)"). The trial court granted Shatto's motion for summary judgment. We will reverse the judgment and remand this cause to the trial court for further proceedings.

## BACKGROUND

On June 17, 1986, Shatto executed a promissory note in the amount of $41,702 payable on December 14, 1986 to San Angelo Savings Association. Shatto defaulted on the note. On October 14, 1988, the Federal Home Loan Bank Board ("FHLBB") determined that San Angelo Savings Association was insolvent and appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as its receiver. On the same date, AmWest's predecessor, NuOlney Savings Association, entered into an agreement with the FSLIC to acquire substantially all of the assets of San Angelo Savings Association, including the note executed by Shatto.[1]

Shatto admitted that the note was due and payable on December 14, 1986 and that he failed to make any payments on the note. Calculating the date of breach as December 14, 1986, Shatto asserted in his motion for summary judgment that AmWest's suit filed on April 13, 1993 fell outside both the four-year Texas statute of limitations for contract actions, Tex.Civ.Prac. & Rem.Code Ann. § 16.004(a)(3) (West 1986), and the six-year statute of limitations applicable to federal receivers, section 1821(d)(14). In response, AmWest argued that under section 1821(d)(14) limitations first began to run when the FSLIC was appointed receiver of San Angelo's assets on October 14, 1988, and

---

**1.** These are the facts as presented in AmWest's brief and response to Shatto's motion for summary judgment and are based upon an affidavit with exhibits AmWest submitted in support of its response. The admissibility of this affidavit is disputed by the parties. We will reach the issue of the admissibility of the affidavit later, however, and will assume these facts for the purpose of discussion.

therefore would not expire until October 13, 1994.[2]

In support of its response, AmWest attached the affidavit of Nona Thomason, senior legal counsel for AmWest. In her affidavit, Thomason attests that on October 14, 1988 AmWest became the real party in interest to the loan instrument Shatto executed. Attached to her affidavit are five exhibits: (1) a copy of the resolution, adopted by the FHLBB on October 14, 1988 regarding the receivership of San Angelo Savings Association; (2) a copy of the Acquisition Agreement between the FSLIC as receiver for San Angelo Savings Association and NuOlney Savings Association dated October 14, 1988; (3) a copy of the resolution adopted by the FHLBB on October 14, 1988 setting out the assignment and transfer to NuOlney of substantially all of San Angelo Savings Association's assets; (4) a copy of the resolution the FHLBB adopted approving the assignment and transfer of assets; and (5) a copy of the order from the Texas Savings and Loan Commission approving the application of Olney Savings Association (formerly NuOlney) to change its name to AmWest Savings Association.

Shatto filed objections to the affidavit, claiming that it did not meet the requirements of Texas Rule of Civil Procedure 166a because it (1) failed to establish how the affiant had personal knowledge of the matters described in the documents attached as exhibits, and (2) contained inadmissible hearsay. Tex.R.Civ.P. 166a(f). Without ruling on the admissibility of the affidavit or specifying the grounds for its decision, the trial court granted summary judgment for Shatto.

## DISCUSSION

■ AmWest appeals by five points of error, all of which allege that the trial court erred in granting Shatto's motion for summary judgment and in denying AmWest's motion for new trial because the trial court incorrectly applied the statute of limitations governing AmWest's cause of action. The standards for reviewing a motion for summary judgment are well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment on the basis of an affirmative defense, the defendant must present and prove each essential element of the affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). A defendant pleading an affirmative defense may prevail on summary judgment either by conclusively proving all the elements of his affirmative defense, or by disproving at least one of the elements of each of the plaintiff's causes of action. *See Bible Baptist Church v. City of Cleburne,* 848 S.W.2d 826, 828 (Tex.App.—Waco 1993, no writ); *American Medical Elec., Inc. v. Korn,* 819 S.W.2d 573, 576 (Tex.App.—Dallas 1991, writ denied); *Lesbrookton, Inc. v. Jackson,* 796 S.W.2d 276, 280 (Tex.App.—Amarillo 1990, writ denied).

■ The sole issue in this appeal is whether limitations barred AmWest's claims. AmWest averred in its original petition that it was the assignee of the FSLIC's receivership interest in Shatto's note. Based on the supreme court's decision in *Jackson v. Thweatt,* 883 S.W.2d 171 (Tex.1994), and our decision in *Jon Luce Builder, Inc. v. First Gibraltar Bank,* 849 S.W.2d 451 (Tex.App.—Austin 1993, writ denied), we conclude that the six-year statute of limitations under section 1821(d)(14) applies to AmWest's claim.

■ Section 1821(d)(14) provides:
(A) In General
   Notwithstanding any provision of any contract, the applicable statute of limita-

---

**2.** AmWest also argued in its response that it had previously filed suit against Shatto on May 29, 1992 and that the filing of the previous lawsuit tolled the statute of limitations. The previous case was pending until April 6, 1993, when it was dismissed by the trial court. Because we decide the limitations issue on other grounds, we need not reach the merits of this argument.

tions with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues; or

(II) the period applicable under State law;

* * * *

(B) Determination of the date on which a claim accrues

For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph *shall be the later of*—

(i) the date of appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

Section 1821(d)(14) (emphasis added).[3] "Corporation" in this statute refers to the Federal Deposit Insurance Corporation ("FDIC"). 12 U.S.C. § 1811 (Supp. I 1989). However, in abolishing the FSLIC and FHLBB and establishing in their stead the FDIC, the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") makes clear that the FDIC succeeds to the FSLIC's rights and obligations as receiver with respect to any depository institution and is bound by the actions and resolutions of the FSLIC and FHLBB regarding conservatorships and receiverships. *See* FIRREA, Pub.L. 101–73, 103 Stat. 415 (1989), *repealing* 12 U.S.C. § 1437; *see also* 12 U.S.C. § 1821a(5)(A) (Supp. III 1991). As the supreme court explained in *Jackson*, retroactive application of section 1821(d)(14) is par-

ticularly appropriate because it does not create a new limitations scheme, but merely clarifies for federal receivers the existing six-year statute of limitations applicable to the federal government generally under 28 U.S.C. § 2415(a) (1988).[4] 883 S.W.2d at 177; *see also Jon Luce Builder, Inc.*, 849 S.W.2d at 454 (assignee of FSLIC steps into shoes of federal government for limitations purposes). Consequently, even though AmWest was a successor in interest to the FSLIC rather than to the FDIC, we hold that the provisions of section 1821(d)(14) regarding commencement of the limitations period apply. Based on the allegations in AmWest's pleadings, the federal statute of limitations superseded the state statute of limitations because the FSLIC was appointed receiver of San Angelo Savings Association's assets before the state statute of limitations had run on Shatto's note. *See Jackson*, 883 S.W.2d at 174–76; *Jon Luce Builder, Inc.*, 849 S.W.2d at 454; *Pineda v. PMI Mortgage Ins. Co.*, 843 S.W.2d 660, 669 (Tex.App.—Corpus Christi 1992), *writ denied*, 851 S.W.2d 191 (Tex.1993).

■ When a defendant moves for summary judgment on the affirmative defense that a statute of limitations bars the plaintiff's cause of action, the burden is on the defendant to conclusively establish the applicability of the statute. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *see also Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex. App.—Austin 1991, no writ); *Hill v. Milani*, 678 S.W.2d 203, 204 (Tex.App.—Austin 1984), *aff'd*, 686 S.W.2d 610 (Tex.1985). Thus, having moved for summary judgment on the basis of the state statute of limitations and section 1821(d)(14), Shatto had to show conclusively that limitations had run for all possible commencement dates of AmWest's

**3.** This provision was enacted in 1989 as part of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub.L. No. 101–73. § 212(d)(14), 103 Stat. 183, 232–33 (1989).

**4.** In their motion for summary judgment and response, both Shatto and AmWest relied exclusively on section 1821(d)(14) as the applicable six-year statute of limitations. In its brief, however, AmWest notes that a six-year statute of limitations is also available under 28 U.S.C. section 2415(a): "[E]very action for money damages

brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2415(a) (1988). Because we conclude that section 1821(d)(14) constitutes a clarification of section 2415(a) applicable to receivers, we need not address this alternate limitations statute that AmWest failed to raise before the trial court.

cause of action. *See Jones v. Cross*, 773 S.W.2d 41, 43 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Under section 1812(d)(14) the limitations period begins to run on the later of (1) the date of appointment of the federal agency as conservator or receiver, or (2) the date on which the cause of action accrues. Once AmWest challenged the existence of limitations by pleading that the FSLIC had not acquired receivership control of Shatto's note until October 14, 1988, the burden was Shatto's to negate, not AmWest's to establish, the legal or factual foundation of this allegation. *See Zale*, 520 S.W.2d at 891; *Jones*, 773 S.W.2d at 43. Because Shatto failed to produce any summary judgment evidence conclusively negating AmWest's challenge to the limitations period, we hold as a matter of law that the trial court erred in granting his motion for summary judgment. We sustain AmWest's first point of error.[5]

Shatto further contends that this Court should not consider AmWest's affidavit offered in response to his motion for summary judgment because it contains conclusory statements and inadmissible hearsay. Having concluded that Shatto failed to meet his burden of adducing the evidence necessary to prevail on his affirmative defense of limitations, we need not address his challenge to the affidavit.[6]

We reverse the trial court's judgment and remand the cause for further proceedings.

---

**5.** Although AmWest briefed its five points of error together, our resolution of this point obviates the need to consider in detail points two through five.

**6.** We note that because Shatto failed to secure a trial-court order striking the affidavit from the record, we would have considered the affidavit

as part of AmWest's summary judgment proof. *See Manoogian v. Lake Forest Corp.*, 652 S.W.2d 816, 819 (Tex.App.—Austin 1983, writ ref'd n.r.e.). The affidavit was certainly sufficient to raise a fact question regarding AmWest's acquisition of Shatto's note.