TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








ON MOTION FOR REHEARING









NO. 03-99-00602-CV







Skyline Partners LLC, Appellant



v.



Margaret Easley, Administratrix of the Estate of Robert York Easley, Deceased, Appellee







FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 69,093-B, HONORABLE GUY HERMAN, JUDGE PRESIDING








 We grant the motion for rehearing filed by appellant Skyline Partners LLC. Our
opinion and judgment of June 15, 2000, are withdrawn and the following substituted therefor. 
Skyline challenges the trial court's summary judgment denying the amended claim it presented to
appellee Margaret Easley, administratrix of the estate of Robert York Easley, deceased. We will
reverse the trial court's judgment.

 Skyline, a Texas limited liability company, was formed in July 1997 to build and
sell homes in the Austin area. Robert Easley was a member of Skyline who also performed
subcontracting work for the company from its formation until his death in October 1997. On
March 11, 1998, Skyline filed an unsecured claim with Margaret Easley, seeking $30,380.03 from
Robert's estate. On July 13, 1998, Skyline filed an amended claim, in which it increased the
value of its claim against the estate to $63,387.16. When Margaret refused to pay Skyline the
amount set forth in its amended claim, Skyline filed this suit.

 Margaret moved for summary judgment against Skyline on two grounds: (1)
Skyline's amended claim was simply an attempt to circumvent the filing deadline set out in the
Probate Code, and (2) the additional $33,007.13 sought in the amended claim represented
payments Skyline made after Robert's death. The trial court rendered summary judgment for
Margaret without stating its grounds.

 In its second issue, Skyline argues that the trial court erroneously rendered
summary judgment because the unliquidated nature of Skyline's claims exempted those claims
from the ninety-day filing deadline. When a claim against an estate is presented to the estate's
representative, the representative must decide within thirty days whether to allow or reject the
claim. Tex. Prob. Code Ann. § 309 (West Supp. 2000). The representative's failure to allow or
reject a claim within that time constitutes a rejection of the claim. § 310. When the
representative has rejected a claim, the claimant must sue within ninety days of the rejection, or
the claim is barred. §313. The thirtieth day after Skyline filed its original claim fell on April 10,
1998, at which time the claim was rejected by operation of law; ninety days after April 10
extended to July 9. Skyline filed its amended claim on July 13, and brought this suit on
September 4, 1998.

 Only a "claim for money," however, must be presented to the estate's
representative and then sued on within ninety days after the representative rejects it. Connelly v.
Paul, 731 S.W.2d 657, 659 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.); see § 314. 
A claim for money means literally a claim that a debt exists. Anderson v. First Nat'l Bank, 38
S.W.2d 768, 769 (Tex. 1931). Such a claim is not restricted to a liquidated claim, but includes
a claim that can be reduced to a definite sum upon proper data, one that can be verified and is
susceptible at the time of presentation of being reduced to a reasonably certain amount. Anderson,
38 S.W.2d at 769-70; Connelly, 731 S.W.2d at 659. Not included in a claim for money is a claim
for an uncertain or contingent amount or one involving potential liability of the kind that requires
fact findings to ascertain. Anderson, 38 S.W.2d at 769-70; Wilder v. Mossler, 583 S.W.2d 664,
667 (Tex. Civ. App.--Houston [1st Dist.] 1979, no writ). A claim for an unliquidated amount is
not subject to the claims procedures of the Probate Code and can be sued on directly, governed
only by the statute of limitations that applies to the substantive claim. Connelly, 731 S.W.2d at
660.

 Margaret asserted in her motion for summary judgment that Skyline's amended
claim related back to the date the original claim was filed and was barred because Skyline sued
more than ninety days after the original claim was rejected. Skyline asserts that, as part of her
summary-judgment burden, Margaret was required to prove that Skyline's claim was a claim for
money.

 The ninety-day filing deadline that Margaret relies on operates as a statute of
limitations. A defendant moving for summary judgment based on limitations must conclusively
establish the applicability of the limitations defense. Jones v. Cross, 773 S.W.2d 41, 42-43 (Tex.
App.--Houston [1st Dist.] 1989, writ denied). The defendant must prove all elements of
limitations; such proof generally includes identifying the cause of action and establishing the date
it accrued. See id. at 43. Pleas raised by the nonmovant against a defendant seeking summary
judgment on limitations fall into two categories: (1) pleas that challenge the existence of
limitations, and (2) pleas that are affirmative defenses in the nature of confession and avoidance. 
Only the latter place the burden to raise a factual issue on the nonmoving plaintiff. Zale Corp.
v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975). The nature of Skyline's claim, as being one
for money or not, determines whether the ninety-day deadline to sue applies. We therefore
conclude that, to establish the applicability of the ninety-day limitation, Margaret bore the burden
to prove that Skyline sued on a claim for money.

 Margaret, as the defendant moving for summary judgment, was required to meet
Skyline's claims as pleaded and to demonstrate as a matter of law that Skyline cannot prevail. 
Torres v. Western Casualty & Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970). In determining whether
Margaret established her defense, we must accept the allegations of Skyline's petition as true and
construe the petition liberally in Skyline's favor. Jones, 773 S.W.2d at 43; see Tex. R. Civ. P.
166a(c). Unless Margaret conclusively established her right to prevail, no burden to raise a
factual issue passed to Skyline. Cook v. Brundidge, Fountain, Elliott & Churchill, 533 S.W.2d
751, 759 (Tex. 1976); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972).

 In her summary-judgment motion, Margaret presented Skyline's action as a claim
for money. She characterized the action as one to recover funds that Robert had wrongfully
withdrawn from Skyline and payments Skyline made on liabilities to which Robert had exposed
Skyline. Margaret based her motion on Skyline's amended claim, which she quantified at
$63,387.16. We do not believe, however, that Margaret met Skyline's claims as pleaded.

 In its petition, Skyline alleged that Robert withdrew funds from the company
numerous times to pay suppliers and subcontractors, but failed to use the funds for that purpose. 
Skyline consequently had to pay the suppliers and subcontractors itself. Skyline claimed that
Robert used the company's money to pay for improvements to his own house. Based on these
acts, Skyline asserted causes of action for fraud and conversion, stating for each that Robert's acts
damaged it in excess of the minimum jurisdictional limits of the court.

 Although Skyline made other allegations in its petition that reflect a suit on a
rejected claim, its causes of action for fraud and conversion alerted Margaret that it was also
pleading claims not subject to the Probate Code's claims procedures and ninety-day limitation on
suit. (1) While the petition could be read to support a judgment on Skyline's rejected probate claim,
it can also support a judgment solely on Skyline's common-law causes of action for fraud and
conversion. These common-law claims could subject Skyline to damages of an unliquidated
nature. The dual aspect of Skyline's petition required Margaret to do more than treat the petition
as a suit on a rejected claim. Because Margaret did not address the fraud and conversion causes
of action in her motion, we cannot say that she conclusively established that Skyline's action was
a claim for money. We therefore sustain Skyline's second issue.

 In its sixth issue, Skyline contests Margaret's second ground for summary
judgment, namely that the additional amount Skyline sought in its amended claim represents
payments Skyline made after Robert's death. Skyline argues that although Robert's death caused
the company to dissolve, it retained full authority to wind up following dissolution. (2)

 In its amended claim, Skyline stated that the amount sought was founded on
indebtedness owed by Robert as a partner to Skyline. The additional amount claimed was shown
on Skyline's balance sheet as losses in two equity accounts designating Robert and his estate. In
a detailed description supporting its original claim against the estate, Skyline asserted that it
incurred losses due to additional project costs that should have been charged to Robert; these
project costs account for the bulk of the additional amount sought in Skyline's amended claim. 
Margaret's motion attacked, not the accrual of operating losses attributed to Robert, but Skyline's
payment of those losses. Skyline had authority, upon its dissolution, to wind up its affairs. See
Texas Limited Liability Company Act, Tex. Rev. Civ. Stat. Ann. art. 1528n, art. 6.03 (West
1997). Such authority would include the ability to make payments to creditors required by
Robert's actions. See id. art. 6.04 (West Supp. 2000); art. 6.05 (West 1997). We do not believe
that the liability of Robert's estate is limited to payments made prior to his death. Because
Margaret's second ground does not establish her right to summary judgment, we sustain issue six. 

 Our disposition of issues two and six renders it unnecessary to address Skyline's
remaining issues. Because neither ground Margaret asserted supports the summary judgment in
her favor, we reverse the judgment and remand the cause to the trial court for further proceedings.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: July 27, 2000

Do Not Publish
1. For instance, after alleging Robert's wrongful acts, Skyline asserted in the petition that
it had suffered damages of at least $63,387.16, as set forth in its amended claim, which Skyline
incorporated into the petition. Skyline recited that Margaret had rejected its amended claim,
leaving the estate liable to it for at least $63,387.16; Skyline relied on that rejection to support
an award of attorney's fees. Skyline alleged that venue was proper under both the provision for
suit on a rejected claim and the general statute for suit against an administrator. See Prob. Code
§ 313; Tex. Civ. Prac. & Rem. Code Ann. § 15.031 (West 1986).
2. Skyline's operating agreement provides that the death of a member effects a dissolution
of the limited liability company. See Texas Limited Liability Company Act, Tex. Rev. Civ. Stat.
Ann. art. 1528n, art. 6.01(A)(2) (West Supp. 2000).



ed the company's money to pay for improvements to his own house. Based on these
acts, Skyline asserted causes of action for fraud and conversion, stating for each that Robert's acts
damaged it in excess of the minimum jurisdictional limits of the court.

 Although Skyline made other allegations in its petition that reflect a suit on a
rejected claim, its causes of action for fraud and conversion alerted Margaret that it was also
pleading claims not subject to the Probate Code's claims procedures and ninety-day limitation on
suit. (1) While the petition could be read to support a judgment on Skyline's rejected probate claim,
it can also support a j