TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00065-CV






Mary T. Hayes, Appellant



v.



Jeff Blake and Kristen Blake, Appellees






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 244,874, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 







 Following an incident involving Jeff and Kristen Blakes' two dogs, Mary Hayes
sued the Blakes alleging that she suffered personal injuries caused by their negligence per se and
common law negligence. Hayes appeals after the county court at law rendered a summary
judgment in favor of the Blakes. Raising two issues, Hayes contends that the county court at law
erred in granting summary judgment on both of her causes of action. We will affirm the summary
judgment. 


Background


 Hayes and the Blakes lived in the Anderson Mill Estates subdivision on the
outskirts of Austin. The subdivision is located in an area that the City of Austin annexed in 1984
as a "limited purpose territory." At the time of the incident, the Blakes owned two dogs, a full-grown lab/collie mix named Brittany and a six-month-old beagle puppy named Seven, that they
kept in the fenced backyard of their home. Sometime after the Blakes left for work on November
6, 1998, Brittany apparently dug a hole under the backyard fence through which both dogs
escaped. That day in the early afternoon, Hayes, who was eighty-five years old, was taking a
neighborhood walk. As Hayes walked by the Blakes' house, Seven approached her in a playful,
non-aggressive manner and jumped up several times putting his paws on her thigh. The puppy was
not nipping or biting her but, by jumping up against her thigh, Seven allegedly caused Hayes to
fall and break her hip. 

 Hayes sued the Blakes alleging that they were negligent per se because their dogs
were roaming the neighborhood in violation of Austin's leash law. See Austin City Code § 3-3-2. 
The leash law, titled "Dogs Running at Large Prohibited; Impoundment Authorized," states that
"every owner of a dog and any person having charge, care, custody or control of any dog shall
restrain such dog from running at large." See id. "Running at large means not under the direct
physical control of the owner or handler by leash, cord, chain, or similar direct physical control
of a maximum length of six feet, and not being kept physically restrained from leaving the
premises of the owner." See id. at § 3-3-1. Hayes also alleged that her fall and resulting injuries
were proximately caused by the common law negligence of the Blakes in failing to warn her or
to restrain their pets. 

 Hayes moved for summary judgment. She contended that because the dogs were
not restrained, under the Austin City Code section 3-3-2, the Blakes were negligent per se.
Additionally, she asserted that because the Blakes' dogs had escaped through the fence before, the
Blakes knew that the dogs could get out and they should have warned Hayes about "these
conditions and practices."

 The Blakes filed a response, a cross-motion for summary judgment pursuant to
Texas Rule of Civil Procedure 166a(b), and a no-evidence summary judgment motion pursuant
to Rule 166a(i). The Blakes contended that as a matter of law, they were not negligent per se
because they had not violated any statute or ordinance that imposed a duty on them. Regarding
Hayes's common law negligence claim, the Blakes contended that as a matter of law, because the
puppy was not diseased and had not shown any violent or vicious propensities toward anyone at
any time, they had no duty to warn Hayes or restrain the puppy under Texas common law. Hayes
responded to the Blakes' cross-motion for summary judgment by urging again that the leash law
applies to the Anderson Mills subdivision.

 Without specifying a basis, the county court at law determined that the Blakes'
motion had merit, ordered that Hayes take nothing on her claims, and granted summary judgment
in favor of the Blakes. Hayes appeals.


Discussion


Standard of Review

 The standards for reviewing a summary judgment are well established. The
propriety of summary judgment is a question of law. See Natividad v. Alexis Inc., 875 S.W.2d
695, 699 (Tex. 1994). We review the county court at law's decision de novo to determine
whether the Blakes were entitled to judgment as a matter of law. See id.; Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When, as here, both parties move for
summary judgment, the non-prevailing party may appeal both the prevailing party's motion as
well as its own. Sharp v. F.W. Gartner Co., 971 S.W.2d 707, 709 (Tex. App.--Austin 1998, no
pet.) (citing Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996) & Jones v. Strauss, 745
S.W.2d 898, 900 (Tex. 1988)). The appellate court should determine all questions presented. 
Sharp, 971 S.W.2d at 709 (citing Jones, 745 S.W.2d at 900). 

 Summary judgment under Texas Rule of Civil Procedure 166a(c) is proper if a
defendant either (1) conclusively negates at least one essential element of each of the plaintiff's
causes of action, or (2) conclusively establishes each element of an affirmative defense to each
claim. See American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 

 Summary judgment under Texas Rule of Civil Procedure 166a(i) is proper if, after
a sufficient period of time for discovery, (1) the nonmovant fails to present any evidence to
establish a vital fact; (2) the trial court is barred by rules of law or evidence from giving weight
to the only evidence offered to prove a vital fact; (3) the evidence offered to prove the vital fact
is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the
vital fact. Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432 (Tex. App.--Houston [14th Dist.]
1999, no pet.). The no-evidence summary-judgment movant must specify the essential element
of the claim or defense for which there is no evidence. See Tex. R. Civ. P. 166a(i). By doing
so the burden is shifted to the nonmovant to come forward with evidence of the specific element. 
Lampasas, 988 S.W.2d at 436. If the nonmovant fails to do so, then the trial court must grant
the no-evidence summary-judgment motion covering all claims or defenses requiring the
specifically challenged element. Id. 

 When both parties move for summary judgment, the trial court may consider the
combined summary-judgment evidence of both parties to decide how to rule on the motions. See
Jon Luce Builder, Inc. v. First Gibralter Bank, 849 S.W.2d 451, 453 (Tex. App.--Austin 1993,
writ denied). 

 The county court at law did not specify whether it granted the summary judgment
under Rule 166a(c) or 166a(i). 


Negligence Per Se

 In her first issue, Hayes contends that the trial court erred in denying her motion
for summary judgment and granting the Blakes' motion for summary judgment on her negligence
per se claim. Specifically, she contends that the county court at law erred because the City of
Austin's leash law applies in the Anderson Mill Estates subdivision. In their response and cross-motion for summary judgment, the Blakes contended that because the subdivision is within a
limited purpose territory, the City of Austin's leash law does not apply. Whether the ordinance
applies to the subdivision is a question of law.

 The unexcused violation of a statute or ordinance constitutes negligence per se if
the statute or ordinance was designed to prevent injury to a class of persons to which the injured
party belongs and it has been determined appropriate to impose tort liability for violations of the
statute. See Perry v. S.N., 973 S.W.2d 301, 305 (Tex. 1998) (citing Praesel v. Johnson, 967
S.W.2d 391, 395 (Tex. 1998)); Chapa v. Club Corp. of Am., 737 S.W.2d 427, 429 (Tex.
App.--Austin 1987, no writ). To prevail on a claim the litigant alleging negligence per se as a
ground of recovery must show that there was a violation of a statute or an ordinance. See
Moughon v. Wolf, 576 S.W.2d 603, 603 (Tex. 1978) (citing Missouri Pac. R.R. v. American
Statesman, 552 S.W.2d 99, 102 (Tex. 1977)). 

 As summary judgment proof, Hayes included portions of Jeff Blake's deposition,
portions of her own deposition, the affidavit of Ben Luckens in which he stated that the Blakes'
home was located within the limited purpose territory, and copies of Austin City Ordinance
841115-DDD and Austin City Code sections 3-3-1 and 3-3-2. As summary judgment proof, the
Blakes included portions of Hayes's deposition, portions of Jeff Blake's deposition, copies of
Austin City Ordinance No. 841115-DDD and Austin City Code sections 3-3-1 and 3-3-2, Jeff
Blake's affidavit, and Joseph Seely's affidavit. Also before the trial court was the Blakes' trial
brief in support of their motion in limine, which included as exhibits portions of Seely's
deposition and a memo from the city attorney regarding limited purpose annexation. 

 Part 1 of Austin City Ordinance 841115-DDD provides that the particularly
described limited purpose territory, which the parties agree includes the Anderson Mill Estates
subdivision, is "annexed to the City of Austin only for the limited purposes of (1) 'Planning and
Zoning' and (2) 'Sanitation and Health Protection.'" Part 2 of the ordinance continues, "[w]ith
regard to the limited purpose of 'Sanitation and Health Protection,' the City shall have the power
to adopt all reasonable regulations pertaining to sanitation and public health and to require
compliance with such regulations." Part 3 provides that only some municipal services are to be
provided to the limited purpose territory. Exhibit B attached to the ordinance provides that "the
municipal services, if any, which are currently being provided to the limited purpose territory
shall continue to be provided at a comparable level. No additional or increased services are
planned for the limited purpose territory." (Emphasis added.) 

 The leash law is contained within Title III of the City Code dealing with Animals,
Bees, and Fowls. Titles VI and XII deal with Public Health. Nothing in the leash law ordinance
suggests it is a health or sanitation law. A legal memorandum written by the city attorney in 1984
describes the minimum scope of sanitation and public health and does not include animal control
within the construction. City officials have never considered the leash law to be an ordinance
applicable in its limited purpose annexed territories. The City's interpretation is entitled to some
deference. See Dodd v. Meno, 870 S.W.2d 4, 7 (Tex. 1994); Texas Utils. Elec. Co. v. Sharp,
962 S.W.2d 723, 726 (Tex. App.--Austin 1998, pet. denied). 

 Joseph Seely, a city employee with the Health and Human Services Department
who supervised animal control operations, stated by affidavit that 


[t]he City of Austin has not enforced, and does not enforce, City of Austin
Ordinance 3-3-2, the leash law, within the "limited purpose boundary limits"
established by City of Austin Ordinance 841115-DDD, including the Anderson
Mill Estates subdivision. The City of Austin animal control officers do not
respond to calls regarding stray animals in Anderson Mill Estates. Animal control
services are provided by Travis County employees in this area. 



 Hayes argues that the City's leash law is a sanitation and public health regulation
and thus it applies to her neighborhood despite the fact that the City does not enforce it in the
limited purpose territory. She argues that the fact that Seely is employed in the Health and
Human Services Department of the City and supervises animal control is the best evidence that
the leash law pertains to health protection and applies in the subdivision. Further, she argues that
at least one purpose of the ordinance is to control rabies problems. 

 The City of Austin has never provided animal control services to the Anderson Mill
Estates subdivision, and it has never enforced the leash law in that area. Travis County animal
control officers, and not the City of Austin, respond to animal complaints in the subdivision. 

 Although the issue may not be entirely clear, we believe the common sense
approach requires the conclusion that a leash law is not designed for health and sanitation
protection as those words are commonly understood. Additionally, based on City Ordinance
841115-DDD which provides that no additional city services will be provided other than those
the City of Austin currently provides, along with Seely's affidavit stating that the City of Austin
does not provide animal control in the limited purpose territory, we hold that the City of Austin's
leash law does not apply in the limited purpose territory. As a result, no city ordinance imposes
a duty on the Blakes to restrain their dogs. Consequently, as a matter of law, the Blakes cannot
be negligent per se for violating section 3-3-2 of the City Code. Hayes's first issue is overruled. 



Common Law Negligence

 In her second issue, Hayes contends that the trial court erred in holding that the
Blakes had no common law duty to restrain their dogs. 

 Absent a duty imposed by a statute, there is no common law duty to restrain an
animal that has not exhibited violent or vicious tendencies. In Texas "it is the right of every
owner of domestic animals in this state, not known to be diseased, vicious, or breachy to allow
them to run at large, and this without reference to the size or class of such animals kept by others
in the same neighborhood." Gibbs v. Jackson, 990 S.W.2d 745, 747 (Tex. 1999) (quoting
Clarendon Land, Inv. & Agency Co. v. McClelland, 23 S.W. 576, 578 (Tex. 1893)). 

 Because there is no allegation or evidence that the six-month-old beagle puppy was
violent or vicious, we hold that the Blakes did not have a common law duty to warn Hayes or to
restrain their dogs. The county court at law did not err in granting summary judgment regarding
Hayes's common law negligence claim. Hayes's second issue is overruled.

 We affirm the summary judgment in favor of the Blakes.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish



. No additional or increased services are
planned for the limited purpose territory." (Emphasis added.) 

 The leash law is contained within Title III of the City Code dealing with Animals,
Bees, and Fowls. Titles VI and XII deal with Public Health. Nothing in the leash law ordinance
suggests it is a health or sanitation law. A legal memorandum written by the city attorney in 1984
describes the minimum scope of sanitation and public health and does not include animal control
within the construction. City officials have never considered the leash law to be an ordinance
applicable in its limited purpose annexed territories. The City's interpretation is entitled to some
deference. See Dodd v. Meno, 870 S.W.2d 4, 7 (Tex. 1994); Texas Utils. Elec. Co. v. Sharp,
962 S.W.2d 723, 726 (Tex. App.--Austin 1998, pet. denied). 

 Joseph Seely, a city employee with the Health and Human Services Department
who supervised animal control operations, stated by affidavit that 


[t]he City of Austin has not enforced, and does not enforce, City of Austin
Ordinance 3-3-2, the leash law, within the "limited purpose boundary limits"
established by City of Austin Ordinance 841115-DDD, including the Anderson
Mill Estates subdivision. The City of Austin animal control officers do not
respond to calls regarding stray animals in Anderson Mill Estates. Animal control
services are provided by Travis County employees in this area. 



 Hayes argues that the City's leash law is a sanitation and public health regulation
and thus it applies to her neighborhood despite the fact that the City does not enforce it in the
limited purpose territory. She argues that the fact that Seely is employed in the Health and
Human Services Department of the City and supervises animal control is the best evidence that
the leash law pertains to health protection and applies in the subdivision. Further, she argues that
at least one purpose of the ordinance is to control rabies problems. 

 The City of Austin has never provided animal control services to the Anderson Mill
Estates subdivision, and it has never enforced the leash law in that area. Travis County animal
control officers, and not the City of Austin, respond to animal complaints in the subdivision. 

 Although the issue may not be entirely clear, we believe the common sense
approach requires the conclusion that a leash law is not designed for health and sanitation
protection as those words are commonly understood. Additionally, based on City Ordinance
841115-DDD which provides that no additional city services will be provided other than those
the City of Austin currently provides, along with Seely's affidavit stating that the City of Austin
does not provide animal control in the limited purpose territory, we hold that the City of Austin's
leash law does not apply in the limited purpose territory. As a result, no city ordinance imposes
a duty on the Blakes to restrain their dogs. Consequently, as a matter of law, the Blakes cannot
be negligent per se for violating section 3-3-2 of the City Code. Hayes's first issue is overruled.