Johnny WOLF, Appellant,

v.

**HOLY CROSS CHURCH OF GOD IN CHRIST, Appellee.**

No. 12–99–00223–CV.

Court of Appeals of Texas, Tyler.

Nov. 30, 1999.

William N. Bret, Dallas, Attorney for Appellant.

Susan Lea Hays, Dallas, Attorney for Appellee.

Panel consisted of RAMEY, C.J., HADDEN and WORTHEN, JJ.

WORTHEN, Justice.

Johnny Wolf appeals from a summary judgment rendered in favor of Holy Cross Church of God in Christ in the church's suit to determine the rights of the parties as to a certain parcel of real estate in Dallas, Texas. In two issues, Wolf contends that the church did not have standing to bring suit and that the trial court erred in granting summary judgment in favor of the church based on the statute of limitations. We affirm in part and reverse in part and remand the cause for further proceedings.

In June 1987, the church executed a deed of trust and a promissory note in the amount of $140,000 to Wynnewood Bank & Trust to purchase two older church buildings on five lots in the South Oak Cliff Heights Addition of Dallas. Wynnewood Bank failed and was succeeded by Continental Bank. When Continental Bank failed the Federal Deposit Insurance Corporation (FDIC) was appointed receiver. In February 1994, the FDIC sold the church's note to Mortgage Investment Trust Corporation (MITC). On July 15, 1994, MITC sent the church a notice of default and notice of intention to accelerate if the note remained unpaid after the

expiration of thirty days. On August 15, 1994, MITC sent the church a letter advising it that a non-judicial foreclosure sale was scheduled for September 6, 1994. On September 8, 1994, MITC sent another letter advising the church that a non-judicial foreclosure sale was scheduled for October 4, 1994. The record is silent as to the results of these two scheduled sales. However, the note remained in the hands of MITC until August 1995, when MITC sold the note to Great Plains Capital Corporation.

Finally, in February 1998, Great Plains Capital Corporation sold the note to Wolf. On July 29, 1998, Wolf notified the church that the note was in "serious default" and the balance was due. On September 11, 1998, Wolf notified the church that he had scheduled a non-judicial foreclosure sale. On the morning of October 6, 1998, the church obtained a temporary restraining order enjoining any foreclosure efforts. However, the sale took place in the afternoon of October 6, 1998, at which time Wolf purportedly bought the property.

The temporary restraining order not having been effective, the church filed suit, alleging wrongful foreclosure, unjust enrichment and constructive trust. The church also requested a declaratory judgment that the foreclosure sale was null and void, that the church's obligations under the deed of trust and promissory note are barred by limitations, and that the church is the owner of the property.

The church moved for summary judgment on the ground that limitations had run barring Wolf's power of sale to enforce the lien and voiding the real property lien itself. The church relies on the four-year statute of limitations set forth in section 16.035 of the Texas Civil Practice and Remedies Code. Arguing that MITC's August 15, 1994 demand and notice of acceleration triggered the limitations period, the church asserts that the limitations period expired on August 15, 1998, prior to Wolf's purported sale.

In his response, Wolf agreed that limitations began to run on August 15, 1994. He asserted, however, that the applicable limitations period is six years pursuant to federal law because he is an assignee of a note previously held by the FDIC. He also argued that the church lacked standing to bring suit because it is not currently an associated member of any nonprofit organization. He further asserted that the foreclosure was properly accomplished and, therefore, the court should grant summary judgment in his favor.

The church nonsuited its cause of action for wrongful foreclosure. The trial court granted the church's motion for summary judgment, declared all of the church's obligations under the deed of trust and promissory note time-barred and void, declared the foreclosure sale void, ordered that the church is vested with fee simple title to the property at issue, and dismissed as moot the church's claims for unjust enrichment and constructive trust.

In his second issue, Wolf contends the church lacks standing to bring its lawsuit. Wolf asserts that the church is not currently an associated member of any nonprofit organization, and not recognized by the Internal Revenue Service or the Secretary of the State of Texas as a nonprofit organization. He further argues that the church, which presently has only seven or eight members, has no legal status.

■■■ Standing is implicit in the concept of subject matter jurisdiction, which is essential to the authority of the trial court to decide a case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Where the trial court lacks jurisdiction, it has only the power to dismiss the suit. *Wren v. Texas Employ-*

*ment Comm'n,* 915 S.W.2d 506, 509 (Tex. App.—Houston [14th Dist.] 1995, no writ). A plaintiff has standing when it is personally aggrieved. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). The general test for standing in Texas requires that there be a real controversy between the parties which will be actually determined by the judicial declaration sought. *Id.* at 662.

Here, the church's name is on the deed of trust and promissory note Wolf purchased and attempted to foreclose. The church presumably occupied the property Wolf attempted to purchase at the foreclosure sale he held. Before attempting foreclosure, Wolf requested payment in full by the church. Both parties claimed ownership of the property. Clearly, there is a real controversy between these parties that the declaration sought would resolve. Therefore, the church has standing to sue. To the extent Wolf is asserting that the church lacked the capacity to sue, that argument was not properly brought before the trial court in a verified pleading, and therefore it is waived. *See* TEX.R. CIV. P. 93(1); *Nootsie,* 925 S.W.2d at 662. We overrule Wolf's second issue.

In his first issue, Wolf contends that the trial court erred in granting the church's motion for summary judgment because the court applied the wrong limitations period. On appeal, as at trial, both parties assert that MITC accelerated the note on August 15, 1994, thereby starting the limitations period on that date. The parties contend that the determinant issue is whether a four or a six-year limitations period applies. We disagree. We need not reach this question. Our focus is on the issue of accrual.

To obtain a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a

matter of law. TEX.R. CIV. P 166a(c). A plaintiff, as movant, must conclusively prove all essential elements of his claim. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986) (per curiam). When both parties move for summary judgment, we consider all the evidence accompanying both motions. *Dallas County Appraisal Dist. v. Institute for Aerobics Research,* 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied) (on reh'g). When both parties move for summary judgment, we must indulge all reasonable inferences and resolve all doubts in favor of the losing party. *University of Texas Health Science Ctr. v. Big Train Carpet of El Campo, Inc.,* 739 S.W.2d 792, 792 (Tex.1987) (per curiam).

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law, and neither party can prevail because of the other's failure to discharge his burden. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993); *State Farm Lloyds, Inc. v. Williams,* 791 S.W.2d 542, 549–50 (Tex. App.—Dallas 1990, writ denied). If a movant does not show its entitlement to summary judgment as a matter of law, we must remand the case to the trial court. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 829 (Tex.1970).

A party moving for summary judgment on the ground of limitations must conclusively establish the bar of limitations. *Swoboda v. Wilshire Credit Corp.,* 975 S.W.2d 770, 775 (Tex.App.— Corpus Christi 1998, writ denied). Generally, the limitations period begins upon accrual of the cause of action. *Slater v. National Medical Enters., Inc.,* 962 S.W.2d 228, 233 (Tex.App.—Fort Worth 1998, writ denied). A party asserting limitations must not only establish the applica-

bility of the limitations statute, but must also prove when the opponent's cause of action accrued in order to demonstrate the bar of limitations. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

The question of when a cause of action accrues is a question of law. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). The parties have attempted to stipulate to an accrual date. While parties may stipulate to facts, they may not stipulate to applicable law. *Spiller v. Spiller*, 901 S.W.2d 553, 559 (Tex. App.—San Antonio 1995, writ denied). Accordingly, it was incumbent upon the church to prove the accrual date, rather than rely on the agreement of the parties. *See Intermedics, Inc.*, 683 S.W.2d at 845.

In applying the statute of limitations, a cause of action is said to accrue when a set of facts come into existence which give a claimant a right to seek a remedy in the courts. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990). Section 16.035(e) of the Texas Civil Practice and Remedies Code provides that, if a note payable in installments is secured by a lien on real property, as in this case, the limitations period does not begin to run until the maturity date of the last note, obligation, or installment. TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(e) (Vernon Supp.2000). If the holder accelerates maturity of the note and declares the entire principal due, limitations will begin to run from exercise of the option. *Shepler v. Kubena*, 563 S.W.2d 382, 385 (Tex. App.—Austin 1978, no writ). The exercise of an option to accelerate must be effected in a clear and unequivocal manner and must be followed by affirmative action towards enforcing the declared intention. *Swoboda*, 975 S.W.2d at 776. A declaration of the intent to accelerate does not

amount to an election to accelerate without accompanying enforcement action. *Id.*

The promissory note at issue here provides that, at the option of the holder, upon default, the entire balance shall become due and payable without notice or demand and the holder may foreclose. The deed of trust securing the note provides that, at the option of the mortgagee, if the mortgagor defaults, the entire balance shall become immediately due and payable and the trustee is authorized to sell the property at public auction after proper notice.

This is an optional acceleration clause. Default on the part of the church gives the note holder the right to accelerate, but it is not obligated to do so. *See Swoboda*, 975 S.W.2d at 776. No cause of action would accrue until the clause was exercised or the note matured, despite the occurrence of default. *Id.; McLemore v. Pacific Southwest Bank, FSB*, 872 S.W.2d 286, 292–93 (Tex.App.—Texarkana 1994, writ dism'd by agr.). The question, then, is whether the record shows that MITC exercised its option to accelerate.

MITC was required to serve the church with written notice of the sale, post written notice at the courthouse door for twenty-one days, and file a copy of the notice with the county clerk. *See* TEX. PROP.CODE ANN. § 51.002 (Vernon 1995). There is no evidence in the record that MITC posted the property for sale or filed the notice with the county clerk. There is nothing in the record stating that MITC actually conducted a foreclosure sale. Accordingly, based on the record before us, it appears that, although the church was in default and MITC served the church with notice of a sale, MITC did not comply with the contractual or statutory conditions necessary to exercise its option to accelerate the note as declared. Apparently, MITC abandoned the note acceleration. *See Swobo-*

da, 975 S.W.2d at 777; *McLemore*, 872 S.W.2d at 293. It is undisputed that the church did not pay the balance or any portion thereof, or resume making regular payments or in any way change its position as a result of MITC's notice. Further, MITC continued to hold the note for a year after it sent the letter advising of the foreclosure sale.

The record before us reveals no summary judgment proof that MITC actually exercised its option to accelerate. Thus, the cause of action did not accrue, and limitations did not begin to run, on August 15, 1994. The church did not provide summary judgment proof establishing when Wolf's cause of action accrued. Accordingly, it did not prove as a matter of law that Wolf's cause of action is barred by limitations and was therefore not entitled to summary judgment. *See Intermedics, Inc.*, 683 S.W.2d at 845; *AmWest Sav. Ass'n v. Shatto*, 905 S.W.2d 400, 404–05 (Tex.App.—Austin 1995, writ denied). We sustain Wolf's first issue.

█ Wolf asserts in the final paragraph of his second issue that his counter-motion for summary judgment should have been granted as a matter of law. However, he failed to present a separate issue including any argument or authority in support of his conclusion that his motion should have been granted. Accordingly, we shall not consider whether the trial court properly denied Wolf's motion for summary judgment as he did not complain on appeal of the trial court's denial of his motion. *See Nowlin v. Frost Nat'l Bank*, 908 S.W.2d 283, 286 (Tex.App.—Houston [1st Dist.] 1995, no writ) (Courts of appeals may consider the denial of a summary judgment only if appellant complains of both the granting of appellee's motion and the denial of his own.).

█ Finally, we must consider the portion of the trial court's judgment ad-dressed to the substitute trustee, Wolf's co-defendant in the proceedings below. The trial court's judgment assessed costs against both Wolf and William N. Bret, as substitute trustee. The substitute trustee did not file a notice of appeal. The rules forbid this Court from granting a party who does not file a notice of appeal more favorable relief than did the trial court, except for just cause. Tex.R.App. P. 25.1(c).

Finding no just cause to disturb the trial court's assessment of costs against the substitute trustee, we *affirm* that portion of the trial court's judgment. In all other respects, we *reverse* the trial court's judgment and we *remand* this cause for further proceedings.