In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00459-CR
_____

LONNIE JAMES JONES JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 13-03-03256 CR

## MEMORANDUM OPINION

Lonnie James Jones Jr. appeals from a judgment following a jury trial in which the jury found him guilty of assaulting a family member, a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(b)(2) (West Supp. 2014)[1] (elevating an assault to a third-degree felony if committed against a victim with whom the defendant has or has had a dating relationship); *see also* Tex. Fam. Code Ann. §

---

[1]We cite to the current version of the statute, as the subsequent amendment does not affect the outcome of this appeal.

1

71.0021(b) (West 2014) (defining dating relationship as a relationship with a person with whom the defendant has or has had a continuing relationship of a romantic nature). In his first two issues, Jones complains that the trial court refused his request to instruct the jury on his claim of self-defense, and that the trial court erred by admitting the testimony of the two investigating officers who expressed their opinions about the investigation into the reported assault. In a third issue, Jones suggests the cumulative impact of the trial court's errors requires another trial.

Based on our review, we conclude that no evidence was before the jury in Jones' trial to demonstrate that he was acting in self-defense when the altercation occurred. Given the lack of evidence before the jury on Jones' claim of self-defense, we hold that the trial court did not err in refusing his request to instruct the jury on self-defense. With respect to Jones' complaints about the testimony of the officers investigating the assault, we conclude he failed to properly preserve error regarding the testimony of one of the officers, and we conclude that the error in admitting the testimony of the other officer was harmless. Regarding Jones' third issue, we hold that Jones has not shown that multiple errors occurred.

## Self-defense

The jury convicted Jones of assaulting his girlfriend, Karen.[2] In issue one, Jones complains the trial court refused to submit an instruction to the jury on his claim of self-defense. Under Texas law, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (West 2011).

According to the State, Jones failed to produce any evidence during the trial to prove that he thought the force used on Karen was immediately necessary for his protection. We note that Jones did not testify during the guilt-innocence phase of the trial. There were only two other eyewitnesses to the altercation, Karen and Jones' mother, both of whom testified during the trial.

Reviewing a trial court's refusal to submit a claim of self-defense requires an appellate court to review the evidence admitted during trial under a standard that requires evidence on the defensive issue to be reviewed in the light most favorable to the defendant. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App.

---

[2]Karen is a pseudonym for the name of the person who Jones assaulted. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"). During the trial, Karen explained that she was no longer in a relationship with Jones.

2001). When the defendant has not testified, the record must contain some evidence to show that at the time of the assault, "the defendant was in some apprehension or fear of being the recipient of the unlawful use of force[.]" *Smith v. State*, 676 S.W.2d 584, 585 (Tex. Crim. App. 1984).

Two witnesses, Karen and Jones' mother, gave the jury conflicting accounts about the events that led to the altercation between Jones and Karen. According to Karen, she and Jones went to Jones' mother's house. Jones told Karen to wait in the car while he went into the house; however, Karen entered the house a short time after Jones and found Jones arguing with his mother. According to Karen, when she attempted to calm Jones down, Jones pushed her to the floor and struck her in the head. When this testimony is viewed in the light most favorable to Jones, Karen's testimony does not indicate that Jones acted in self-defense.

Jones' mother gave the jury an entirely different account of the events. According to Jones' mother, she and Karen were at the house when Jones arrived. At that point, Karen and Jones began arguing when Karen accused him of dating others. According to Jones' Mother, Jones did nothing wrong before Karen "pushed him in the face." When this testimony is reviewed in the light most favorable to Jones, it too fails to provide the jury with any information that would allow the jury to reasonably infer that Jones acted out of fear after Karen pushed

him, nor does her testimony provide any information that would allow the jury to reasonably infer that Jones thought the force he used in response to Karen's push was reasonably necessary to protect himself against the force that Jones' mother claimed Karen had used on him.

While a defendant is not necessarily required to testify to raise an issue of self-defense, there must be some evidence before the jury to allow the jury to reasonably infer that the defendant was acting out of the fear that if he did not act, he would be the recipient of the other's unlawful use of force. *Smith*, 676 S.W.2d at 585. None of the testimony before the jury raises an inference indicating that Jones, during the altercation, had acted based on his fear that Karen was about to strike him.

We conclude that the trial court did not err in rejecting Jones' request for an instruction on his claim of self-defense. *See* Tex. Penal Code Ann. § 2.03(c) (West 2011) ("The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense."); *Reed v. State*, 703 S.W.2d 380, 382, 384 (Tex. App.—Dallas 1986, pet. ref'd) (rejecting the defendant's argument that the trial court was required to instruct the jury on the defendant's claim of self-defense where he did not testify and none of the other testimony allowed the jury

5

to infer what the defendant believed when he decided to shoot the victim). We overrule issue one.

## Opinion Testimony of the Investigating Officers

In issue two, Jones complains that the trial court committed reversible error by allowing the police officers to state the opinions they reached from their investigation into the alleged assault. Deputy Beatty and Deputy Wilkerson, employees of the Montgomery County Sheriff's Office, investigated the incident the night it occurred. Deputy Beatty testified that based on the investigation, he concluded that Jones assaulted Karen. Deputy Wilkerson, the other investigating officer, testified that based on what he saw at the scene, nothing led him to believe that Jones was responding to an attack.

Generally, nonconstitutional errors in admitting or excluding evidence in a criminal case must be disregarded unless the error affects a defendant's substantial rights. Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 776 (1946)). Nonetheless, an error does not affect a substantial right if the appellate court reviewing the case has "'fair assurance that the error did not influence the jury, or had but a slight effect.'" *Solomon v. State*, 49 S.W.3d

6

356, 364-65 (Tex. Crim. App. 2001) (quoting *Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000)) (applying nonconstitutional harm analysis to the admission of testimony that it characterized as lay opinion). In determining the effect of the erroneous admission of evidence on a jury's verdict, we review the record as a whole, the nature of the evidence supporting the verdict, the character of the alleged error, and how the jury might have considered the inadmissible evidence in connection with the other evidence admitted in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory, any defensive theories, whether the State emphasized the error, closing arguments, and voir dire, if voir dire is relevant to the evidence that is the subject of the defendant's complaint. *Id.* at 355-56.

On appeal, Jones argues that the testimony of Deputy Beatty was inadmissible because he lacked personal knowledge of the altercation and he was not properly qualified to express an opinion about the assault. According to Jones, Deputy Beatty's opinion was inadmissible under Rules 701 or 702 of the Texas Rules of Evidence. *See* Tex. R. Evid. 701 (admissibility of the opinions of lay witnesses); Tex. R. Evid. 702 (admissibility of the opinions of experts).

However, Jones did not object that the opinion of Deputy Beatty was inadmissible under Rules 701 or 702, nor did he claim at trial that Deputy Beatty's

opinion was not admissible as expert testimony. Instead, Jones objected to Deputy Beatty's testimony on the basis that the prosecutor's question asked the deputy to express an opinion about a matter that the jury was to be asked to decide. On appeal, Jones argues that Deputy Beatty's opinion was not properly admissible under the Rules of Evidence that govern opinion testimony, Rules 701 and 702. In our opinion, Jones' trial objection is inconsistent with the reasons he contends the testimony was inadmissible on appeal.

To preserve error on appeal, Rule 33.1 of the Texas Rules of Appellate Procedure requires that to preserve a complaint for review on appeal, a party must make the trial court aware of the basis on which he is entitled to the relief he is requesting during the trial. Tex. R. App. P. 33.1(a). Based on the objection that Jones made to Officer Beatty's testimony, the trial court would not have been aware of Jones' claim that the testimony was not admissible as opinion testimony. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992))).

8

Jones also complains that the trial court erred by allowing Deputy Wilkerson to testify that he saw nothing at the scene that led him to believe that Jones was responding to Karen's attack. Jones objected to this testimony on the basis that Deputy Wilkerson was not there, was not present, and that Jones left the scene before the officers arrived. Although Jones did not specifically state that the question called for Deputy Wilkerson to express an opinion that he was not qualified to express, his objection was sufficient, in the context of the question that was asked, to alert the trial court to Jones' complaint that Deputy Wilkerson was not qualified to express an opinion because he was not present when the altercation occurred. *See* Tex. R. App. P. 33.1(a)(1)(A).

With respect to Deputy Wilkerson's opinion, the record does not show that the State attempted to qualify Deputy Wilkerson as an expert on self-defense. Therefore, with respect to the testimony at issue, we conclude that the State was attempting to get testimony into evidence as lay witness testimony, not as expert testimony. *See* Tex. R. Evid. 701, 702.

The testimony the trial court admitted, however, is not admissible as lay opinion. A lay witness may testify to his perception of an event if he personally observed or experienced the event. The testimony of a witness who personally observed an event may include the witness's opinions about the event, as long as

9

the opinion was drawn from the witness's experiences or observations. *See Williams v. State*, 402 S.W.3d 425, 436 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

In this case, Deputy Wilkerson was not present at the scene when the altercation between Karen and Jones occurred. Even though Deputy Wilkerson's lay opinion should have been excluded, the opinion addresses Jones' claim of self-defense, a defense that was not relevant to the trial.

Even if Deputy Wilkerson's opinion also suggests that Jones assaulted Karen, Deputy Beatty's opinion that Jones assaulted Karen was already before the jury. Generally, when testimony that should not have been admitted is cumulative of testimony that was admitted without objection, the error is harmless. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (noting that "[i]nadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove"); *Barrera v. State*, 10 S.W.3d 743, 746-47 (Tex. App.—Corpus Christi 2000, no pet.) (applying the rule stated in *Anderson* to a case where the defendant complained of one officer's testimony about the defendant's claim of self-defense when another officer testified, without objection, that the police report did not contain any allegation claiming the defendant had acted in self-defense). In

this case, Jones did not lodge a valid objection to Deputy Beatty's opinion indicating that the investigation showed that Jones had committed an assault. We have previously concluded that the trial court did not err in overruling the objection Jones made to Deputy Beatty's testimony.

Considering the nature of the evidence supporting the verdict, we have fair assurance that Deputy Wilkerson's opinion did not influence the jury's verdict. *See Solomon*, 49 S.W.3d at 365. The exculpatory evidence before the jury, the testimony of Jones' mother, may have been given little weight because the evidence before the jury includes the 911 call that Jones' mother made to the police seeking assistance after the altercation occurred. In the 911 call, Jones' mother stated that Jones had assaulted his girlfriend and used his fists to hurt her. The jury also saw photographs depicting Karen's injuries. During final argument, the prosecutor did not refer to Deputy Wilkerson's opinion to support his argument that Jones should be found guilty.

Having carefully reviewed the evidence as a whole, and considering the arguments presented to the jury in closing, we conclude that the admission of Deputy Wilkerson's opinion, although error, was harmless. *See* Tex. R. App. P. 44.2(b). We overrule issue two.

## Cumulative Error

In issue three, Jones argues that the cumulative impact of the trial court's errors was so great that his conviction should be reversed. However, we have found in Jones' favor solely on his claim that the trial court erred by admitting the opinion expressed by Deputy Wilkerson, and we have explained that the admission of Deputy Wilkerson's opinion, in the context of all of the evidence admitted during Jones' trial, was harmless. Because Jones has shown the trial court committed only one error during the trial, the error is not cumulative of others. We overrule issue three, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered June 24, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.