

NUMBER 13-15-00303-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MARCUS LAYNE DICKEY,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 299th District Court of
Travis County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Garza**

A jury found appellant, Marcus Layne Dickey, guilty of continuous sexual abuse of a young child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02 (West, Westlaw through 2015 R.S.). The court sentenced him to twenty-five years' imprisonment. By a single issue on appeal, appellant alleges the trial court abused its discretion when it ruled

that testimony about an extraneous offense could be found to be true beyond a reasonable doubt by the jury and was therefore admissible. We affirm.[1]

## I. BACKGROUND

On February 19, 2015, appellant was charged with one count of continuous sexual abuse of a young child, *see id.*, one count of aggravated sexual assault of a child, *see id.* § 21.021 (West, Westlaw through 2015 R.S.), and six counts of indecency with a child by contact. *See id.* § 21.11(a)(1) (West, Westlaw through 2015 R.S.). The alleged victim in the present case was E.S., appellant's 16-year-old step-granddaughter.

Prior to trial, the State notified appellant of its intent to call several outcry witnesses under article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West, Westlaw through 2015 R.S.) (providing that certain outcry statements of abuse victims are not inadmissible because of the hearsay rule). The State's notice stated, among other things, that Grace Yeager, a forensic interviewer at the Center for Child Protection in Austin, would testify to outcry statements made by A.S., E.S.'s younger sister, regarding acts of sexual abuse by appellant against A.S. The State further notified appellant that it would seek to introduce evidence of extraneous offenses by appellant, including the sexual abuse of A.S., under Texas Code of Criminal Procedure article 38.37. *See id.* art. 38.37, § 2 (West, Westlaw through 2015 R.S.).

During the innocence-guilt phase of appellant's trial, the trial court held a hearing outside the presence of the jury on the admissibility of A.S.'s testimony. *See id.* § 2-a. At the hearing, fourteen-year-old A.S. identified appellant and testified to his prior sexual

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

conduct with her. A.S. testified that appellant began to "touch [her] in places" and kiss her when she was six or seven to about age nine. She testified that this conduct occurred ten or more times at her grandparents' apartment "in the Galleria." A.S. testified appellant would touch her "boobs and butt and just all around [her] body and kiss [her.]" A.S. testified that appellant kissed her on the lips and neck and touched her vagina both under and over her clothing. A.S. also testified to three particular incidents in which the appellant engaged in sexual conduct with her such as touching and kissing.

Following cross-examination, the State explained to the court that Yeager, the outcry witness it had intended to call under article 38.072, was sick and the State asked to "go ahead and take this [A.S.'s testimony] in front of the jury." Defense counsel's response to this request was: "Your Honor, we would prefer to have the outcry witness to establish, and I don't feel like, without the outcry witness, we will have beyond a reasonable doubt." The court then ruled: "I find that this witness is credible, and I'm willing to go forward without the outcry witness. I think if anything, it would bolster her credibility more. But I find in and of itself that she's credible, so I'm going to allow the witness." Afterward, in front of the jury, A.S. testified consistently with her earlier statements about appellants' acts of abuse.

The jury found appellant guilty of continuous sexual abuse of a young child.[2] The court sentenced appellant to twenty-five years in the Texas Department of Criminal Justice, Institutional Division. From this conviction, this appeal followed.

---

[2] The jury charge instructed the jury not to assess guilt or innocence on the remaining counts if they found appellant guilty of continuous sexual assault of a child.

## II. Standard of Review and Applicable Law

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (citing *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005)). Specifically, a trial court's determination that an extraneous offense is admissible under article 38.37 is reviewed for an abuse of discretion. *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd). A trial court does not abuse its discretion if the decision to admit evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

## III. Discussion

Appellant argues that it was an abuse of discretion for the trial court to allow A.S.'s testimony under the premise that the jury could find it true beyond a reasonable doubt. Appellant contends that the trial court's determination was based upon "such limited information as to be unreasonable and arbitrary" and not possibly removing of all reasonable doubt. Appellant argues that A.S.'s testimony was "so limited and suspect that it did not fit in within the ever-widening exception for the admission of extraneous sex offenses provided by 38.37 and to rule otherwise was an abuse of discretion by the court."

Texas Rule of Appellate Procedure 33.1 governs the preservation of complaints for appeal. Rule 33.1 provides in part that "as a prerequisite to presenting a complaint for appellate review," a timely request, objection or motion must be made and ruled upon by the trial court. Tex. R. App P. 33.1. This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made. *See Vidaurri v. State,* 49 S.W.3d

880, 886 (Tex. Crim. App. 2001); *Aguilar v. State,* 26 S.W.3d 901, 905–06 (Tex. Crim. App. 2000).

During the article 38.37 voir dire hearing, defense counsel's response to the State's request to have A.S. testify before the jury was: "Your Honor, we would prefer to have the outcry witness to establish, and I don't feel like, without the outcry witness, we will have beyond a reasonable doubt." We find appellant failed to preserve error on this issue.

Even if the error had been preserved, appellant's issue is without merit. Under Texas Code of Criminal Procedure article 38.37, in a trial for certain sexual offenses including each offense alleged in the indictment, evidence that the defendant has committed an extraneous sexual offense may be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). The State must provide the defendant with notice of its intent to introduce such evidence not later than 30 days before the date of trial. *Id.* § 3.[3] For such evidence to be admitted, the trial court must rule it admissible after a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id.* § 2–a.

While appellant argues that the court's determination to admit evidence that he had committed extraneous sexual offenses against the complainant's sister was based on "such limited information as to be unreasonable and arbitrary," we find appellant's

---

[3] Appellant does not argue that the State failed to give the required notice.

issue lacks merit because A.S.'s testimony was "adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West, Westlaw through 2015 R.S.); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd), *overruled in part in other grounds by Taylor v. State,* 268 S.W.3d 571 (Tex. Crim. App. 2008). A.S.'s testimony specified the sexual conduct that appellant had subjected her to. This evidence was sufficient to support a finding by the jury that appellant committed the separate offense.

Moreover, the court's credibility finding was neither arbitrary nor unreasonable. Appellate courts give "almost total deference to a trial court's determination of the historical facts" particularly when the "trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Additionally, "courts give wide latitude to the testimony given by child victims of sexual abuse." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc).

Given that we must give "almost total deference" to a trial court's determination of a witness's credibility, we conclude that the court's finding that A.S.'s testimony was credible did not constitute an abuse of discretion. The court acted well within the "zone of reasonable disagreement" when it found A.S.'s testimony credible and admitted it under article 38.37. *See Montgomery*, 810 S.W.2d at 291.

Lastly, we note that, even if the appellant could show error in the admission of the extraneous offense testimony, he cannot show that such error would be reversible. Error in the admission of evidence is generally non-constitutional error subject to a harm

analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *see Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Under that analysis, we disregard any non-constitutional error that does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Appellate courts should not overturn a criminal conviction for non-constitutional error if the court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. *Johnson,* 967 S.W.2d at 417.

Appellant argues that "without the outcry witness," the evidence was not sufficient to support a finding "beyond a reasonable doubt." However, even assuming *arguendo* that the trial court erred in allowing A.S.'s testimony without first hearing the testimony of the outcry witness, this error was harmless because the outcry witness, Yeager, did eventually testify at trial. Yeager's testimony was consistent with A.S.'s testimony, including the three specific incidents of sexual abuse that A.S. testified to on voir dire and at trial. Furthermore, Beth Nauert, M.D., the pediatrician that examined A.S., testified A.S. told her details of abuse that were consistent with her testimony at trial and her outcry to Yeager. No objection was lodged as to either Yeager's or Nauert's testimony. The improper admission of evidence does not constitute reversible error if other properly admitted testimony proves the same facts. *See Brooks v. State,* 990 S.W.2d 278, 287 (Tex. Crim. App. 1999).

Given the other evidence, we hold that any error would not have had a substantial or injurious effect in determining the jury's verdict, and thus did not affect appellant's substantial rights so as to warrant reversal. *See Morales*, 32 S.W.3d at 867; *Johnson*, 967 S.W.2d at 417.

For the foregoing reasons, we overrule appellant's single issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2016.

8